**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-26-2023

RECEIVED
SDNY PRO SE OFFICE
2022 NOV 29 AM 10:24

Dear: Sentencing Judge Lewis A. Kaplan

I'm writing on Behalf of my compassionate Release. I follow all my Remedy procedure, I haven't got knw respond from my warden At USP Big Sandy. it's Been passed 30 days so now I'm fileing to you, which is my (Judge) (Lewis A. Kaplan). and I Just found out that my warden Just Retired. So most likely I wouldn't get no reply. I made A copy from when First wrote my motion, Handed it In. So I was informed After 30 days IF i get no Reply I can go straight to the courts. So i wrote this letter to let ya'll know. Thank you, Respectfully/submitted

Laquan Parrish. 11/22/22

Memorandum EndorsementParrish v. United States, 20-cv-03647 (LAK)
United States v. Parrish, 16-cr-00212 (LAK)

        Defendant Laquan Parrish pleaded guilty on January 30, 2017 to conspiracy to commit racketeering under 18 U.S.C. § 1962(d) (Count 1) and use of a firearm in the course of the conspiracy under 18 U.S.C. § 924(c)(1)(A)(i) (Count 4) pursuant to a plea agreement. Dkt 905.[1] On October 11, 2017, he was sentenced principally to a term of imprisonment of 195 months. The conviction was affirmed on appeal. *United States v. Parrish*, 755 F. App'x 59, 60 (2d Cir. 2018). On May 11, 2020, he filed a Section 2255 motion seeking to vacate, set aside, or correct his sentence by setting aside the conviction on Court 4. Dkt 1491. That motion was denied on September 17, 2020, as was a certificate of appealability. Dkt 1511.

        On November 28, 2022, the defendant filed a purported motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt 1670. In his motion, Parrish began by rearguing the various points resolved against him either on direct appeal, in the denial of his 2255 motion, or both. *Id.*, at ECF pp. 2–4. He went on to argue that his sentence was enhanced improperly due to his prior conviction for marijuana possession. *Id.*, at ECF pp. 2–3. Finally, he alleged that he was beaten by correctional officers in March 2022 and that the death of his mother negatively impacted his psyche. *Id.*, at ECF pp. 4–6.

        On April 18, 2023, the Court denied Parrish's motion because it contained no basis to grant compassionate release relief under 18 U.S.C. § 3582(c)(1)(A). Dkt 1695, at 2. Furthermore, although several of the defendant's arguments are characterized more accurately as requests for Section 2255 relief, I declined to treat defendant's filing as a Section 2255 motion unless expressly asked to do so by defendant. *Id.*

        Now before the Court is defendant's motion for reconsideration. Dkt 1700. Parrish asks this Court to reconsider its order denying his motion for compassionate release on the basis of certain proposed amendments to the United States Sentencing Guidelines (USSG) that are not yet effective and that would not provide him relief even if they were effective. *Id.*, at 1–2.

        The Court grants the defendant's motion for reconsideration and adheres to the original decision on reconsideration. Neither Parrish's motion for compassionate release nor his motion for reconsideration contains any basis to grant compassionate release relief under 18 U.S.C. § 3582(c)(1)(A). Accordingly, the defendant's motion for compassionate release is denied on reconsideration.

        The Clerk shall mail a copy of this order to the defendant at the address provided in Dkt 1700 and so note on the docket.

        SO ORDERED.

Dated:July 26, 2023

Lewis A. Kaplan
United States District Judge

---

[1] All Dkt references are to the docket in the criminal case.